**Hearing Date and Time:** December 9, 2014 at 10:00 a.m.
**Objection Deadline:** December 2, 2014 at 4:00 p.m.
**Reply Deadline:** December 6, 2014 at 12:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :
                                                                        :   Case No. 12-13837 (REG)
WESTROCK GROUP INC.,                                                    :
                                                                        :   Chapter 7
                    Debtor.                                             :
                                                                        :
------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# TO PERMIT LATE PROOF OF CLAIM UNDER 11 U.S.C. § 726(a)(2)(C)

POHL LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 202-1614
(646) 924-3100 (fax)

*Counsel to Non-Party Creditor Sara Weinheimer, Executor of the Estate of Thomas R. Pura*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND .................................................................................................................... 1

ARGUMENT .......................................................................................................................... 4

    I.    CLAIMANT MAY FILE A LATE PROOF OF CLAIM
        UNDER § 726(a)(2)(C) ............................................................................................ 4

CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**            **PAGE(S)**

*In re Columbia Ribbon & Carbon Mfg. Co., Inc.*,
54 B.R. 714 (Bankr. S.D.N.Y. 1985) ................................................................................7

*In re Horlacher,* 389 B.R. 257 (Bankr.N.D.Fla. 2008) ..........................................................7

*In re Jemal*, 496 B.R. 697 (Bankr. E.D.N.Y. 2013)......................................................... 4, 5, 6

*In re Paschall*, 2011 WL 5553483 (Bankr. E.D. Va. Nov. 15, 2011)....................................7

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
507 U.S. 380 (1993) ............................................................................................................5


**STATUTES**            **PAGE(S)**

11 U.S.C. § 726 ........................................................................................................ 1, 4, 5, 6, 7

Fed. R. Bankr. Pro. 3002(c) ......................................................................................................4


**OTHER**            **PAGE(S)**

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 383 (1977),
U.S. Code Cong. & Admin. News 1978 .............................................................................5

**PRELIMINARY STATEMENT**

Section § 726(a)(2)(C) of the Bankruptcy Code permits a claim that is not "timely filed" to be filed, and entitles it to distribution along with timely filed claims, if two simple prerequisites are met. First, the holder of the claim must not have had notice allowing it to timely file a proof of claim and, second, the claim must be filed in time to permit payment of it.

Claimant Sara Weinheimer never received any notice of this bankruptcy proceeding because the September 27, 2013 notice of the claims bar date was sent to an address at which she had not lived for six years and had not owned for nearly one year. Her lack of knowledge is all the more troubling because, over these last several years, she has been in periodic communication with representatives of the Debtor and its affiliates concerning resolution of the very claims she now seeks to assert in this bankruptcy context. Yet they never informed her that the Debtor had filed for bankruptcy.

Given her status as a "no-notice creditor," along with the fact that her claim may be filed in time to permit payment of the claim, Ms. Weinheimer meets the two prerequisites of § 726(a)(2)(C).

Accordingly, the Court should grant this motion.

**BACKGROUND**

Claimant Sara Weinheimer is the executor of the estate of her late husband, Thomas R. Pura. Affidavit of Sara Weinheimer, dated October 30, 2014 ("Weinheimer Aff."), ¶ 1.

On December 18, 2007, Westrock Group Inc. ("Debtor" or "Westrock") issued a promissory note in favor of Mr. Pura in the amount of $500,000 (the "Westrock Note"). *Id.*, ¶ 3. Westrock failed to pay amounts due under the Westrock Note. *Id.*, ¶ 4.

Over the intervening years, Ms. Weinheimer has communicated with representatives of Westrock and its affiliates (including the Lower Brule Community Development Enterprise,

1

LLC ("LBCDE"), LBC Western Inc., Lower Brule Community Western Holdings, LLC and possibly others) concerning resolution of her claims based on the Westrock Note. *Id.*, ¶ 5. These communications occurred both before and after September 2012 when, as she has recently learned, Westrock commenced this Chapter 7 proceeding. *Id.*, ¶ 6.[1]

During none of these post-September 2012 communications did any representative of Westrock or its affiliates inform Ms. Weinheimer that Westrock had filed for bankruptcy. *Id*. For example, on May 17, 2013, Ms. Weinheimer (through counsel) sent a letter to the CEO of Westrock's affiliate, LBCDE, demanding payment of amounts due and owing under the Westrock Note. *Id.*, ¶ 7. That letter led to discussions with the Debtor's affiliates during which no mention of any bankruptcy was made. *Id*. Then, Ms. Weinheimer (through counsel) sent a letter to LBCDE's counsel on July 14, 2014 seeking to further the resolution of her claim based on the Westrock Note. *Id.*, ¶ 8. The response from LBCDE's counsel, dated August 15, 2014, made no mention of any bankruptcy. *Id*.

Ms. Weinheimer did not learn that Westrock had filed for bankruptcy until October 27, 2014 when her attorney (who was then preparing to commence an action on her behalf to enforce the Westrock Note) discovered the existence of this Chapter 7 proceeding. *Id.*, ¶ 9; *see also* Declaration of David M. Pohl, dated October 30, 2014 ("Pohl Decl."), ¶ 2. Thus, it was not until October 27, 2014 that she learned that (i) the deadline for filing a proof of claim against Westrock was December 30, 2013 and (ii) notice of this deadline had apparently been sent to her

---

[1] These communications also involved resolution of Ms. Weinheimer's claims against LBC Western Inc., an affiliate of Westrock, based on a promissory note it issued in favor of her late husband. *Id.*, ¶ 6 n. 1. Ms. Weinheimer recently learned that LBC Western Inc. filed for bankruptcy as well. *Id*. She is submitting a motion in that proceeding similar to this motion to file a late proof of claim. *Id*.

2

on September 27, 2013 at her former home located at 40 Springhurst Road, Bedford Hills, New York 10507 (the "New York Address").  Weinheimer Aff., ¶ 10; Pohl Decl., ¶ 3.[2]

Ms. Weinheimer never received this notice because, as of September 2013, she was no longer living at the New York Address.  Weinheimer Aff., ¶ 11.  In fact, she began living in Los Angeles, California on a full-time basis in 2007 and sold the home at the New York Address on November 21, 2012, ten months before Westrock apparently sent notice to that address on September 27, 2013.  *Id*.  Ms. Weinheimer's real estate attorney has submitted a declaration further establishing that Ms. Weinheimer was no longer in possession of the New York Address as of November 21, 2012.  *See* Declaration of John L. Arons, Esq., dated October 30, 2014, ¶¶ 1-4.  (By the time she sold the home at the New York Address, she was receiving little-to-no mail there due to the fact that she had not lived there for five years.  Weinheimer Aff., ¶ 11.  She does not recall ever receiving anything from Westrock at the New York Address.  *Id*.)

Accordingly, until October 27, 2014, Ms. Weinheimer had no actual knowledge of this bankruptcy proceeding or, of course, the December 30, 2013 bar date.  *Id*., ¶ 12.

Notably, at the time notice was supposedly sent to her at the New York Address, representatives of Westrock and its affiliates knew that she resided in Los Angeles based on their communications with her.  *Id*., ¶ 13.  Moreover, they had actual knowledge of the name and address of Ms. Weinheimer's attorney and could have sent notice to him.  *Id*.

---

[2]   The Certificate of Notice (ECF Doc. No. 25) indicates that notice of the bar date was sent to creditors on September 27, 2013.  This Certificate indicates that notice was sent to "TOMAS PURA, 40 SPRINGHURST, BEDFORD HILLS, NY 10507-2215." The notice incorrectly spelled the first name of Ms. Weinheimer's late husband.

3

**ARGUMENT**

I.   **CLAIMANT MAY FILE A LATE PROOF OF CLAIM UNDER § 726(a)(2)(C)**

Pursuant to Rule 3002(c) of the Federal Rules of Bankruptcy Procedure, a proof of claim in a Chapter 7 case is "timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code," unless one of six enumerated exceptions applies.  "However, in a Chapter 7 case, a claim that is not 'timely filed' is entitled to distribution along with timely filed claims if the claim meets the requirements of § 726(a)(2)(C)." *In re Jemal*, 496 B.R. 697, 701-02 (Bankr. E.D.N.Y. 2013).  Section 726 provides that, after claims entitled to priority under § 507 are paid first, property of the estate is distributed:

> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
>
>> (A) timely filed under section 501(a) of this title;
>>
>> (B) timely filed under section 501(b) or 501(c) of this title; or
>>
>> (C) <u>tardily filed</u> under section 501(a) of this title, if—
>>
>>> (i) <u>the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim</u> under section 501(a) of this title; and
>>>
>>> (ii) <u>proof of such claim is filed in time to permit payment of such claim</u>;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection . . . .

11 U.S.C. § 726(a) (emphasis added).

4

As the Bankruptcy Court for the Eastern District of New York has noted:

> The purpose of § 726(a)(2)(C) is "to permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case. Though it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty [of § 726(a)(3)] should not apply."

*In re Jemal*, 496 B.R. at 702, quoting H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 383 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6339.

> Section 726(a)(2)(C) provides only two prerequisites for a tardily filed claim to be entitled to distribution along with timely filed claims in a Chapter 7 case: that the holder of the claim did not have notice to allow it to timely file a proof of claim (such claimant being referred to as a "no-notice" creditor), and that the claim is filed in time to permit payment of the claim.

*In re Jemal*, 496 B.R. at 702.[3]

As demonstrated in her accompanying affidavit, it was not until October 27, 2014 that Ms. Weinheimer learned of the existence of this bankruptcy proceeding and that the deadline for filing a proof of claim was December 30, 2013. Weinheimer Aff., ¶¶ 9, 10, 12.

As the Certificate of Notice shows, notice of the bar date was sent to creditors on September 27, 2013. *See* ECF Doc. No. 25. As the Certificate of Notice also demonstrates, notice was sent to the New York Address (previously defined at page 3, above).

Ms. Weinheimer did not live at the New York Address in September 2013 because she had moved from that home in 2007 and sold it in November 2012. *See* Weinheimer Aff., ¶ 11;

---

[3] "The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 389 (1993).

*see* also Declaration of John L. Arons, dated October 30, 2014. Since she did not live there when notice was sent in September 2013, she did not receive that notice. Weinheimer Aff., ¶ 11.[4]

It was not until October 27, 2014, when her attorney began preparing to commence an action on her behalf to enforce the Westrock Note, that Ms. Weinheimer first learned that the Debtor had filed for bankruptcy. *Id*., ¶ 9. Accordingly, it was not until October 27, 2014 that Ms. Weinheimer learned that the deadline for the filing of proofs of claim against the Debtor had passed on December 30, 2013, and that notice of this deadline had apparently been sent to her former New York Address on September 27, 2013. *Id*., ¶ 10.

These circumstances meet the two criteria set forth in § 726(a)(2)(C) because (i) Ms. Weinheimer indisputably had no notice or actual knowledge of this case until after the bar date of December 30, 2013 and (ii) she may file a claim in time to permit payment of the claim. Accordingly, she is entitled to file a late proof of claim. *See In re Jemal*, 496 B.R. at 703. In *In re Jemal*, the Court held that:

> It is undisputed that [Claimant] did not have notice or actual knowledge of the case until after the bar date of May 21, 2012, and that no distribution has yet been made in this case to prevent payment of the claim. As the two criteria expressly set forth in § 726(a)(2)(C) are met, the plain language of the statute dictates that [Claimant's] tardily filed claim is entitled to distribution along with timely filed claims.

*Id*. (footnote omitted).

---

[4] That Debtor and/or its affiliates did not inform Ms. Weinheimer of the existence of this bankruptcy proceeding is troubling in light of the several communications they had with her concerning her claims based on the Westrock Note since Debtor's September 2012 bankruptcy filing. *See* Weinheimer Aff., ¶¶ 5-8.

In *In re Columbia Ribbon & Carbon Mfg. Co., Inc.*, this Court observed that:

> [T]he procedure for the filing of no-notice claims [under § 726(a)(2)(C)] eliminates the need for any determination by the court of the equities of the case. No-notice creditors may file a claim entitled to *pari passu* distribution status at anytime before the final distribution is made.

54 B.R. 714, 721 (Bankr. S.D.N.Y. 1985). The Court held that the creditor was entitled to relief under § 726(a)(2)(C) because it had no actual knowledge of the bankruptcy before the claims bar date and had filed its claim before final distribution. *Id.*; *see also In re Paschall*, 2011 WL 5553483, at *5 (Bankr. E.D. Va. Nov. 15, 2011) ("As a creditor that did not have timely notice or actual knowledge of the case, [claimant] is entitled to submit a late-filed claim at any time, subject only to the constraint that a final distribution of the estate must not have occurred."); *In re Horlacher,* 389 B.R. 257, 263 (Bankr.N.D.Fla. 2008) (same).

The criteria of § 726(a)(2)(C) are met. Ms. Weinheimer should be permitted to file her proof of claim.[5]

---

[5] In *In re Jemal*, the Eastern District granted a § 726(a)(2)(C) motion before the actual filing of the late proof of claim "based upon the assumption that [Claimant] will file its proof of claim 'in time to permit payment' as required under § 726(a)(2)(C)." 496 B.R. at 703 n. 5. Ms. Weinheimer intends to file her proof of claim as soon as possible.

7

**CONCLUSION**

    Because Claimant Sara Weinheimer did not have notice allowing her to timely file a proof of claim and her late-filed claim may be filed in time to permit payment of that claim, she meets the two prerequisites of § 726(a)(2)(C).  Accordingly, she respectfully requests that the Court grant this motion.

Dated: New York, New York
       October 31, 2014

POHL LLP

By: /s/ *David M. Pohl*
    David M. Pohl

345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 202-1614
(646) 924-3100 (fax)

*Counsel to Non-Party Creditor Sara Weinheimer, Executor of the Estate of Thomas R. Pura*